IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTO-COMPLETION SOLUTIONS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. _____ |
| | : | |
| FACEBOOK, INC., GOOGLE, INC., LINKEDIN CORPORATION, AND YAHOO! INC., | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Auto-completion Solutions, LLC ("ACS") complains of the defendants, Facebook, Inc., Google, Inc., Linkedin Corporation, and Yahoo! Inc. as follows:

### NATURE OF LAWSUIT & SUBJECT MATTER JURISDICTION

1. This is a claim for patent infringement arising under the patent laws of the United States. Title 28 of the United States Code, Section 1338(a) gives this Court exclusive subject matter jurisdiction over this Complaint.

### PARTIES AND PATENTS

2. Plaintiff ACS is a Delaware limited liability company with its principal place of business at 6136 Frisco Square Blvd, Suite 385, Frisco, Texas 75034.

3. Plaintiff ACS is the assignee of the entire right, title, and interest and thereby owns all substantial rights in and has standing to sue for infringement of, United States Patent No. 6,879,691, entitled "Information Autocompletion System" (the "'691 Patent"). A true and correct copy of the '691 Patent is attached hereto as Exhibit A.

4. Defendant Facebook, Inc. ("Facebook") is a Delaware corporation with its principle place of business at 1601 S. California Ave., Palo Alto, California 94304. Facebook's registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington DE, 19808. This Court has personal jurisdiction over Facebook by virtue of its residence in this judicial district, its tortious acts of patent infringement that have been committed in this judicial district, and its transaction of business in this district.

5. Defendant Google Inc. ("Google") is a Delaware corporation, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94943. Google's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. This Court has personal jurisdiction over Google by virtue of its residence in this judicial district, its tortious acts of patent infringement that have been committed in this judicial district, and its transaction of business in this judicial district.

6. Defendant Linkedin Corporation ("Linkedin") is a Delaware corporation with a principal place of business at 2029 Stierlin Court, Mountain View, California 94043. Linkedin's registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808. This Court has personal jurisdiction over Linkedin by virtue of its residence in this judicial district, its tortious acts of patent infringement that have been committed in this judicial district, and its transaction of business in this judicial district.

7. Defendant Yahoo! Inc. ("Yahoo!") is a Delaware corporation having its principal place of business at 701 First Avenue, Sunnyvale, California 94089. Yahoo!'s registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. This Court has personal jurisdiction over Yahoo! by

virtue of its residence in this judicial district, its tortious acts of patent infringement that have been committed in this judicial district, its transaction of business in this judicial district.

## VENUE

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

## FACEBOOK'S ACTS OF PATENT INFRINGEMENT

9. Defendant Facebook has infringed at least claim 21 of the '691 Patent through, among other activities, the manufacture, testing, use, importation, sale and/or offer for sale of certain communication systems available to end users on its websites. Known infringing systems currently include Facebook messaging, and may include additional systems, services and technologies (to be determined in discovery) offered by Defendant Facebook.

10. Defendant Facebook's infringement has injured ACS and it is therefore entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## GOOGLE'S ACTS OF PATENT INFRINGEMENT

11. Defendant Google has infringed at least claim 21 of the '691 Patent through, among other activities, the manufacture, testing, use, importation, sale and/or offer for sale of certain communication systems available to end users on its websites. Known infringing systems currently include Gmail, and may include additional systems, services and technologies (to be determined in discovery) offered by Defendant Google.

12. Defendant Google's infringement has injured ACS and it is therefore entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**LINKEDIN'S ACTS OF PATENT INFRINGEMENT**

13. Defendant Linkedin has infringed at least claim 21 of the '691 Patent through, among other activities, the manufacture, testing, use, importation, sale and/or offer for sale of certain communication systems available to end users on its websites. Known infringing systems currently include Linkedin, and may include additional systems, services and technologies (to be determined in discovery) offered by Defendant Linkedin.

14. Defendant Linkedin's infringement has injured ACS and it is therefore entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**YAHOO!'S ACTS OF PATENT INFRINGEMENT**

15. Defendant Yahoo! has infringed at least claim 21 of the '691 Patent through, among other activities, the manufacture, testing, use, importation, sale and/or offer for sale of certain communication systems available to end users on its websites. Known infringing systems currently include Yahoo! Mail, and may include additional systems, services and technologies (to be determined in discovery) offered by Defendant Yahoo!.

16. On information and belief, Defendant Yahoo! has also knowingly and intentionally induced others to infringe (such as its customers, users and business partners in this judicial district and throughout the United States) by willfully, intentionally, and with knowledge of the patent and its relevance aiding, assisting and encouraging their infringement. On information and belief, Defendant Yahoo! has also knowingly contributed to end user infringement, within the meaning of 35 U.S.C. § 271(c).

17. Yahoo!'s infringement of the '691 patent has been and continues to be willful and deliberate and has injured ACS and it is therefore entitled to recover damages adequate to

compensate it for such infringement, but in no event less than a reasonable royalty.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff ACS asks this Court to enter judgment against each and every defendant and against their respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate ACS for the infringement that has occurred, together with prejudgment interest from the date infringement of the '691 Patent began;

B. A finding that Defendant Yahoo!'s infringement has been willful;

C. An award to ACS of all remedies available under 35 U.S.C. § 284;

D. An award to ASC of all remedies available under 35 U.S.C. § 285;

E. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '691 patent; and,

F. Such other and further relief as this Court or a jury may deem proper and just.

## **JURY DEMAND**

ACS demands a trial by jury on all issues so triable.

PROCTOR HEYMAN, LLP

*/s/ Neal C. Belgam*
Neal C. Belgam (# 2721)
E-mail:  nbelgam@proctorheyman.com
Melissa N. Donimirski (# 4701)
E-mail:  mdonimirski@proctorheyman.com
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300

Attorneys for Plaintiff Auto-completion Solutions, LLC

OF COUNSEL:

FLACHSBART & GREENSPOON, LLC
William W. Flachsbart (# 6237069)
wwf@fg-law.com
Robert P. Greenspoon (# 6229357)
rpg@fg-law.com
Michael R. La Porte (# 6237510)
mrl@fg-law.com
333 North Michigan Ave. – Suite 2700
Chicago, IL 60601
(312) 551-9500


Dated:  September 13, 2011